**Earl E. JOLLEY, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 82S00–9611–CR–702.**

Supreme Court of Indiana.

Sept. 5, 1997.

---

Stephen C. Haas, Evansville, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Plaintiff–appellee.

DICKSON, Justice.

The defendant-appellant, Earl E. Jolley, Jr., was convicted for the murder of Ruth Fulkerson. . He received a sixty-five year sentence. He now appeals, contending that his statements obtained by police were erroneously admitted because the police failed to honor his requests for counsel during questioning. We reject his claim and affirm the conviction.

The right to have counsel present during an interrogation "is indispensable" to the protection of the Fifth Amendment privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 469, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694, 721 (1966). When a suspect asserts his right to counsel during custodial questioning, the police must stop until counsel is present or the suspect reinitiates communication with the police and waives his right to counsel. *Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981). However, while the suspect need not invoke any magic words to assert his right to counsel, his request must be clear enough for a reasonable police officer to understand the statement as a request for an attorney. *Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362, 371 (1994). Noting that "it will often be good police practice for the interviewing officers to clarify whether or not he actually wants an attorney," the Supreme Court in *Davis* nonetheless "decline[d] to adopt a rule requiring officers to ask clarifying questions." *Id.* at 461, 114 S.Ct. at 2356, 129 L.Ed.2d at 373.[1]

The defendant asserts that he was questioned by police despite making three requests for counsel in violation of *Miranda.* He first presented the claim in a pre-trial

---

**1.** The Court noted that "[c]larifying questions help protect the rights of the suspect and will minimize the chance of a confession being suppressed due to subsequent judicial second-guessing as to the meaning of the suspect's statement regarding counsel." *Id.*

motion to suppress and renewed the motion at trial. The trial court denied the motion to suppress on the grounds that it was not a clear and unambiguous assertion of the right to an attorney. Record at 620. In reviewing trial court denials of motions to suppress, we do not reweigh the evidence, but consider all uncontradicted evidence and the conflicting evidence which supports the trial court's decision. *Buie v. State*, 633 N.E.2d 250, 256 (Ind.1994).

Using this standard, the facts reveal that upon discovering the victim's body, Mr. Covey, the victim's landlord, notified the police. In the course of the investigation the Evansville, Indiana, Police Department came to suspect the defendant as the perpetrator. At their request, the Bicknell, Indiana, Police Department found the defendant and asked him to accompany them to the Bicknell police station. Officer Jeffery Chambers informed the defendant that the Evansville police had advised him to hold the defendant, and police then stayed with the defendant in a room until Evansville Police Officer Larry Cannon arrived in Bicknell to question the defendant. After reading him his *Miranda* rights, and before taking a tape recorded statement, Officer Cannon asked the defendant whether he would be willing to take a polygraph examination. The defendant responded that he would want an attorney if he did. Record at 511–12, 557. A polygraph examination was not given, but the defendant submitted to an audio taped interview. Officer Cannon testified that the defendant did not request an attorney before the recorded statement. Record at 511. Near the conclusion of the interview, when asked, "Who bonded you out?" the defendant stated, "Now your [sic] just asking me these questions over and over again now. I told you this is why.. if we was going to do this I'd want a lawyer. You guys are.. I don't know." Record at 505.

The defendant's statement that he would want an attorney if he were to take a polygraph was not an unequivocal request for an attorney, but merely a conditional statement that he would want one if he were to take a polygraph, which he did not. As to the defendant's claim that he requested an attorney at the Bicknell police station when talking to Officer Cannon before the tape recorded statement, we note that the defendant's testimony was contradicted by the testimony of Officer Cannon. We cannot reweigh conflicting evidence but only consider that which supports the trial court's ruling.

We also decline to find a clear assertion of the defendant's right to counsel when, near the end of his taped statement to police, he remarked, "if we was going to do this I'd want a lawyer.". *Id.* The statement is, at best, equivocal, and does not carry with it the specificity required by *Davis*. This language is not sufficiently clear for a reasonable police officer to understand it as a request for an attorney.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.